**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SAMUEL E. A. H.,

Petitioner,

v.

PAMELA BONDI, Attorney General, United States Department of justice; KRISTI NOEM, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement;

Respondents.

Case No. 26-cv-1829 (KMM/ECW)

**ORDER**

---

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Samuel E. A. H. ("Petitioner" or "Samuel AH") (Dkt. 1), and Respondents' Motion to Dismiss or Transfer (Dkt. 5). Petitioner claims that his detention by immigration authorities is unlawful and Respondents should be ordered to release him from custody. Respondents argue that the Court should dismiss the petition for lack of jurisdiction or transfer the case to the United States District Court for the Western District of Texas because Samuel AH was not in custody in Minnesota when he filed his petition. For the reasons that follow, Respondents' motion is granted in part, and this matter is transferred to the Western District of Texas.

## BACKGROUND

Samuel AH is a 20-year-old citizen and national of Guatemala. (Dkt. 1 ¶ 16.) In November 2022, when he was 17 years old, he came to the United States as an unaccompanied minor. (*Id.* ¶¶ 39–40.) He applied for and was granted Special Immigrant Juvenile Status. (*Id.* ¶¶ 44–45.) Samuel AH arrived in Minnesota in December 2022 and has been a full-time student ever since. (*Id.* ¶ 49.) On January 19, 2026, agents of Immigration and Customs Enforcement (ICE) stopped and surrounded Petitioner's vehicle and placed him under arrest. (*Id.* ¶ 5.) The ICE agents did not have a warrant for his arrest. (*Id.* ¶¶ 5, 50.)

Immediately after his arrest, the immigration agents took Samuel AH to the Bishop Henry Whipple Federal Building (Whipple) at Fort Snelling, Minnesota. (*Id.*) The day after ICE agents arrested Petitioner, Respondents transferred him to an immigration detention center in the El Paso, Texas. (*Id.* ¶¶ 5–6, 13.) Samuel AH's counsel filed a Verified Petition for Writ of Habeas Corpus on his behalf on March 11, 2026. At that time, Samuel AH was in custody in the Western District of Texas, where he has been held since his January 20th transfer from the Whipple building.

## DISCUSSION

Respondents challenge the Court's jurisdiction to address this matter because ICE transferred Petitioner to the Western District of Texas several weeks before the habeas petition was filed. Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), Respondents argue Petitioners' pre-filing transfer to Texas prevents this Court from adjudicating his petition.

(Dkt. 6.) To the extent Respondents suggest that Petitioners' transfer deprives the Court of subject matter jurisdiction,[1] the Court disagrees.

In *Padilla*, the Supreme Court considered whether the petitioner, who the federal government transferred into military custody at a naval brig in South Carolina prior to his filing of a habeas petition, properly filed his petition in the Western District of New York. 542 U.S. at 430–32. The Court held that the proper respondent in a habeas case challenging physical custody is the petitioner's "immediate custodian." *Id.* at 439, 442. Further, based on the language in 28 U.S.C. § 2241(a), the Court concluded that "jurisdiction over [the] habeas petition lies in [a particular district court] only if it has jurisdiction over [the immediate custodian]." *Id.* at 442. But in explaining these rules, the Court was clear that it was not addressing subject-matter jurisdiction. *Id.* at 434 n.7 ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court."); *see also id.* at 451 (Kennedy, J., concurring) (explaining that the "immediate custodian" and "territorial jurisdiction" rules "are not jurisdictional in the sense of a limitation on subject-matter jurisdiction").[2]

---

[1] Respondents argue that the filing of this case in the District of Minnesota while Petitioner was in Texas "is a jurisdictional defect," and, therefore, "the Court cannot proceed to the merits of Petitioner's petition until the issue is resolved." (Dkt. 6 at 2.) If the rules discussed in *Padilla* were issues of subject-matter jurisdiction, the Court would agree with Respondents that this presents a threshold issue that must be addressed before the merits. But as explained below, this is not an issue of subject-matter jurisdiction.

[2] Although the Court did not ultimately resolve precisely the doctrine to which these rules belong, the *Padilla* concurrence indicates that they are "best understood as a question of personal jurisdiction or venue." 542 U.S. at 451 (Kennedy, J., concurring).

Although the Supreme Court has not subsequently clarified whether the immediate-custodian and territorial-jurisdiction rules are matters of personal jurisdiction or venue, nothing in *Padilla* suggests that this Court lacks *subject-matter jurisdiction* because a petition is filed in this District after a petitioner has already been transferred outside of Minnesota. The Court, therefore, declines Respondents' invitation to dismiss this matter for lack of subject-matter jurisdiction. *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (stating that even though petitioner did not file his habeas in the district where he was confined that "defect did not deprive the district court of subject matter jurisdiction").

That conclusion does not end the inquiry regarding the proper forum for Petitioner's challenge to his confinement. Respondents also argue that the Court should transfer the petition to the Western District of Texas. (Dkt. 6 at 2.) *Padilla* states that the proper forum for a habeas petition challenging physical detention is in the district where the petitioner is confined. 542 U.S. at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 442 ("Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The district of confinement in this case is the Western District of Texas. The Western District of Texas was also the district of confinement when Petitioner's counsel filed the verified petition in this District. Accordingly, the proper forum for the petition in this case is in the Western District of Texas, not this Court. *Id.* at 447 ("Whenever

a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

As Petitioner correctly points out,[3] in *Padilla*, the Supreme Court did not resolve an issue on which lower courts were divided: whether the Attorney General is a proper respondent in cases filed by "alien[s] detained pending deportation." 542 U.S. at 435 n.8. But the Court is not persuaded that the immediate-custodian and district-of-confinement rules that *Padilla* clarified do not apply in a case like this merely because the Petitioner is an alien. Footnote eight in *Padilla* cited several lower court cases addressing who is the proper respondent to a noncitizen's habeas petition, all but one of which "held that the Attorney General was not a proper respondent." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024). Those cases involved "challenges to removal/deportation orders and not to present physical confinement." *Id.* at 1195–96. In *Padilla*, the Court held that "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is" the detainee's immediate custodian. 542 U.S. at 435. Further, the *Padilla* Court explained "[w]e have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction." *Id.* at 439. In this case, Samuel AH presents a "core habeas challenge[] to present physical custody." *Id.* at 444. Therefore, jurisdiction over Samuel AH's petition lies in the District of Minnesota

[3] Dkt. 8 at 4–8.

only if it has jurisdiction over his immediate physical custodian. *See id.* at 441. Samuel AH's immediate physical custodian is in the Western District of Texas, not here, so he should have filed the petition there.

"An exception [to the district-of-confinement rule] is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).[4] But this exception does not apply here because the allegations in the petition show that Samuel AH's counsel knew he was located in Texas at the time the petition was filed, and he had been there for some time. Under these circumstances, the Court finds that transfer to the district of confinement is the appropriate result. *E.g.*, *Jonnathan X.D.B. v. Noem*, No. 26-cv-588 (DWF/DJF), 2026 WL 222189, at *1 (D. Minn. Jan. 28, 2026) (finding that exception to district-of-confinement rule did not apply where counsel knew about petitioner's location in another district when the petition was filed but transferring to the

---

[4] This case differs materially from the undersigned's recent decision in *Aleksander B.* There, the petitioner's whereabouts were not known to counsel when the petition was filed, and the respondents were not forthcoming with information when the petitioner's counsel asked them about his location for several days. 2026 WL 172435, at *3. Here, Samuel AH were transferred out of this District weeks before the petition was filed.

place of confinement rather than dismissing based on the court's concerns that petitioner's detention was unlawful).

The Court notes that Samuel AH alleges his pro bono immigration attorney, identified by the initials C.W., learned of Petitioner's arrest and went to the Whipple building in an attempt to meet with him on January 19th. (Dkt. 1 ¶¶ 5, 50.) As alleged in the petition, C.W. was not allowed to see Petitioner, no one at Whipple ever told Petitioner that C.W. had attempted to visit him, and he was not permitted to contact her before Respondents' agents involuntarily transferred him to Texas. (*Id.*) In his reply, Samuel AH argues that these events should counsel the Court to deny the Respondents' motion because transferring the case would reward forum-shopping and an effort "to avoid judicial review of their unlawful actions against his immigration status." (Dkt. 8 at 10–11.)

The Court does not question the veracity of the allegations in the petition regarding C.W.'s efforts to meet with her client at the Whipple building. And the Court in no way condones ICE's well-documented interference in the District of Minnesota with immigration detainee's access to counsel during the first few months of this year while the government carried out "Operation Metro Surge."[5] Nevertheless, the Court cannot find any basis to conclude that C.W.'s thwarted attempt to visit Samuel AH at the Whipple building on January 19, 2026 led to the petition being filed in Minnesota over a month later. Nor does the record support an inference that the reason ICE prevented C.W. from visiting

[5] *See Advoc. for Hum. Rights v. U.S. Dep't of Homeland Sec.*, No. 26-cv-749 (NEB/DLM), 2026 WL 404457, at *2 (D. Minn. Feb. 12, 2026) ("Plaintiffs' evidence suggests that since Operation Metro Surge began, Defendants' policies and practices at Whipple all but extinguish a detainee's access to counsel.").

Petitioner and moved him to Texas on January 20th was to shop for a more favorable forum. Indeed, a reasonable inference to be drawn from Samuel AH's nearly immediate relocation from Minnesota to Texas is that the Whipple building simply lacks the space to detain noncitizens at the rate ICE and other DHS agents were making arrests during Operation Metro Surge. *See Advocs. for Hum. Rts.*, 2026 WL 404457, at *2 (citing evidence that "Whipple consists of seventeen hold rooms; each room has concrete benches, one or two toilets, and as many sinks—but no beds.").

In sum, the Court finds that because Samuel AH was not located in the District of Minnesota at the time the petition was filed, but was instead detained at an immigration detention facility in El Paso, Texas, this matter should be transferred to the Western District of Texas without further delay.

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED THAT** this matter is **TRANSFERRED** to the Western District of Texas. The Clerk of Court is directed to effectuate the transfer without delay.

Dated: March 20, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge